[No. 20069.  In Bank.—May 22, 1885.]

## THE PEOPLE, RESPONDENT, v. JOHN McGILVER, APPELLANT.

BURGLARY—EVIDENCE OF OWNERSHIP OF HOUSE—VARIANCE.—An information for burglary alleged that the crime was committed by entering the house of H. Wempe. A witness named G. Wempe testified that his father owned the house. No evidence of the owner's Christian name was given. *Held*, that the jury might presume that the name of the father of the witness was Wempe, and that he was in possession of the building; and that there was no variance between the information and the evidence.

ID.—EVIDENCE OF SUBSEQUENT OFFENSE.—On the trial of such offense evidence was given that at the time of the defendant's arrest he and an accomplice were attempting to commit another burglary, that burglars tools were found in the possession of the latter, and that articles stolen at the first robbery were found on the person of each. *Held*, that the evidence was admissible as tending to connect the parties with the first robbery.

|  |  |
|---|---|
| 67 | 55 |
| 101 | 518 |
| 67 | 55 |
| 106 | 82 |
| 67 | 55 |
| 117 | 664 |
| 67 | 55 |
| 139 | 105 |

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of the crime of burglary in the first degree. The further facts are stated in the opinion of the court.

*John D. Whaley*, for Appellant.

*Attorney-General Marshall*, for Respondent.

Myrick, J.—The appellant McGilver was accused jointly with one Mark M. Lay of the crime of burglary, committed by entering the house of H. Wempe on the 14th of June, 1884, with intent to commit larceny. The appellant was separately tried.

On the trial one G. Wempe gave evidence concerning the ownership of the house. He stated: "My father owns the house." "It is my father's and mother's; my father owns the house;" "the deed runs to my father and mother; my father and mother both own the lot, and my father and mother built the house; my father and mother own the house." No evidence was given as to the first name (or initial thereof) of the owner; the owner was spoken of in the testimony as Mr. Wempe. The point is made on this appeal that the owner's name should have been proved as laid, and that the omission to prove that H. Wempe was the owner is fatal. It was competent for the jury to presume from the evidence of G. Wempe that his father's name was Wempe, and that he was in possession of the building, for the purposes of the prosecution; it does not appear that the elder Wempe's name was not H. Wempe, as laid; therefore a variance does not appear. (§§ 956, 1404, Pen. Code; *State* v. *Black*, 31 Tex. 560.)

It is claimed that the court erred in admitting evidence that McGilver and Lay, at the time of their arrest, were attempting to break into a jewelry store, a day or two after the burglary in question, and that the officers found burglars' tools in Lay's possession. In addition to the burglars' tools, the officers found on the person of each of the arrested parties articles which were identified as having been taken from Wempe's house. We see no error. The evidence tended to connect the parties with the Wempe burglary, and for that reason was admissible.

Judgment and order affirmed.

Morrison, C. J., Sharpstein, J., McKinstry, J., Ross, J., and McKee, J., concurred.