[Criminal No. 61.   Filed April 19, 1890.]

[24 Pac. 183.]

TERRITORY OF ARIZONA, Plaintiff and Respondent, v. A. LEONARD MEYER, Defendant and Appellant.

1. CRIMINAL LAW—EVIDENCE.—Evidence to show that between March 12 and April 15, 1889, the defendant Meyer, agent of Wells, Fargo & Co., disposed of certain of its money orders for his personal benefit was admissible as. tending to connect defendant with any shortage in the office after April 15th, although it was admitted that the money-order business had been correctly reported up to said date, for the reason that these reports were not sent in when due, but were retained by defendant for days after they should have been forwarded.

2. SAME—SAME—ADMISSION—STATEMENTS MADE BY AUTHORITY OF ACCUSED.—Where it is the duty of a clerk to make out statements of the business of the office, under defendant's instructions, and such statements so made are placed upon defendant's desk, where he is frequently, and called to his attention, the evidence is sufficient to show that defendant has knowledge of their contents,

and they are properly admitted as admissions by defendant as to their contents.

3. SAME—INSTRUCTIONS TO JURY—PROOF OF EMBEZZLEMENT OF MONEY ORDERS SUFFICIENT UNDER INDICTMENT FOR EMBEZZLING MONEY.— Defendant used money orders, for his own benefit, in form and purporting on their face to be receipts for money by defendant, as agent of the company, to be repaid to the holders by the company. In legal effect such use amounted to a payment to him of the money they called for, and he is estopped from denying its receipt. An instruction, upon a trial for embezzlement of money, that if the jury should believe from the evidence that the defendant used certain orders in the payment of his debts, and that he did not actually receive the money for them, he could not be convicted for the embezzlement of the orders, is properly refused.

4. SAME—SAME—AGENT ENTITLED TO COMMISSION NOT PART OWNER.— An instruction asked by defendant, that if defendant was agent of the company and entitled to a commission on the net proceeds, he would be a part owner therein and could not be guilty of embezzlement should he convert the whole thereof to his own use, is properly refused.

5. SAME—REV. STATS. ARIZ. 1887, SEC. 788, OF PENAL CODE, CITED AND CONSTRUED—ELEMENTS OF CRIME—AGENT ENTITLED TO COMMISSION —TRUSTEE AS TO REMAINDER.—To sustain a conviction under the statute, these facts must be shown: (1) The trust relation; (2) the possession or control of the property by virtue of the trust; and (3) the fraudulent appropriation of the property not in the due and lawful execution of the trust. If an agent authorized to carry on a business for his principal receives a commission upon the proceeds of the business he is still a trustee for the use of his principal as to the remainder, and has in his possession property by virtue of his trust.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, Edwards & Buck, and Frank Baxter, for Appellant.

Clark Churchill, Attorney-General, Frank Cox, District Attorney, and Goodrich & Street, of counsel, for Respondent.

Abstract and immaterial error is insufficient to reverse a judgment. *People* v. *Ybarra,* 17 Cal. 166; *People* v. *Brother-*

*ton,* 47 Cal. 388-404; *People* v. *Turley,* 50 Cal. 469; *People* v. *Sprague,* 53 Cal. 491; *People* v. *Walsh,* 43 Cal. 447-451; *People* v. *March,* 6 Cal. 543-547; *People* v. *Moore,* 8 Cal. 90.

An instruction must be wholly erroneous or susceptible of doubtful construction to warrant an appellate court in saying the jury were misled. *People* v. *Moore,* 8 Cal. 90.

The supreme court will not disturb a judgment in a criminal case on the ground that the evidence was insufficient to justify the verdict unless there is a total deficiency of evidence, or it preponderates so greatly against the verdict as to render it clear that the jury must have acted under the influence of passion or prejudice. *People* .v. *Manning,* 48 Cal. 335.

SLOAN, J.—The defendant, A. Leonard Meyer, was tried at the October term, 1889, of the district court of Maricopa County upon an indictment charging him with having, as the agent of Wells, Fargo & Co., embezzled from the company the sum of $5,800. The jury returned a verdict of guilty. Defendant moved for a new trial, which was denied. From the judgment of conviction and the order denying a new trial defendant appeals. The proof shows that Meyer was the agent of Wells, Fargo & Co., a corporation, and as such agent had general charge of the express and money-order business of the company at Phœnix, Arizona. He was allowed a commission upon the freight business of the office, and was entitled to the amount due him, no matter where collected, at the end of each month, when he settled with the company. He was also allowed a small commission upon the amount of money orders sold by him. He received no other compensation. It was his duty to send into the general office of the company at San Francisco weekly reports of the money-order business done, with the amounts due the company, and at the end of each month to make a report of the freight business done through the office, and send in the amounts of receipt therefrom after deducting his commissions. At the trial the prosecution was permitted to show that between March 12 and April 15, 1889, Meyer disposed of certain money orders of Wells, Fargo & Co. to various persons, some in payment of individual debts, and others for the purpose of raising money thereon for his personal use. Counsel for the defendant

objected to the introduction of this evidence upon the ground that the same was immaterial and irrelevant, for the reason that these money orders had been disposed of prior to April 15th, when it was admitted that the money-order business had been correctly reported by Meyer up to said date. It appeared in proof, however, that the money-order reports up to and including the one for April 15th were not sent in when due, but were retained by defendant for days after they should have been forwarded; and for this reason we think the evidence was admissible as tending to connect defendant with any shortage in the office after April 15th.

Counsel for defendant urge that the court erred in admitting over objection certain statements not in the handwriting of defendant, showing the business of the office for the month of April and part of the month of May, being the time in which it is claimed by the prosecution that the shortage in Meyer's accounts with the company occurred. These statements were made out by one P. B. Yates, who was a clerk in the employ of Meyer. According to the testimony of Yates, it was his duty to make out the reports and statements of the business of the office, and that Meyer had always settled with the company from them; that the statements introduced in evidence were made out by him under Meyer's instructions, and were left by him upon Meyer's desk in the office for Meyer's inspection; that these remained there until Meyer left Phœnix, in May, and that during this time Meyer was frequently in his office and at his desk; that just before Meyer left Phœnix his attention was called to the fact by Yates that these statements had not been sent into the general office of the company. We think that the evidence is sufficient to show that Meyer had a knowledge of the contents of these statements; and having been made out by his direction, they were properly admitted as admissions by defendant as to their contents. We have carefully considered the instructions given by the court; and, although one or two of them are open to criticism if considered apart from the others, the instructions as a whole are sufficiently explicit, and very fully state the law of the case.

A number of instructions were asked for by the defendant which were refused by the trial court. Two of these present

questions of some interest and importance. The first of these, numbered 6, reads as follows: ''The defendant is charged in the indictment with fraudulently appropriating and embezzling money, and under this indictment he cannot be convicted of embezzling money orders. If the jury should believe from the evidence that the defendant used certain orders in the payment of his private debts, and that he did not actually receive the money for them, then in that event he could not be convicted under this indictment for the embezzlement of those orders.'' The money orders referred to in the instruction were money orders of Wells, Fargo & Co. These were in form, and purported upon their face to be, receipts for money by Meyer, as the agent of the company, to be repaid to the holders by the company, at any of certain designated offices of the company, when presented. They were all paid by the company to the holders. In legal effect, the disposition of these money orders by Meyer in payment of his debts amounted to a payment to him of the money they called for, and he is estopped from denying its receipt.

The ninth instruction asked for by defendant is as follows: ''The jury are instructed that, if they believe from the evidence in this case that the defendant was the agent of Wells, Fargo & Co.; that he received for his services a commission of ten per cent of the net proceeds of the earnings of the office at Phœnix,—then in that event he would be a part owner of the net proceeds, and he could not be convicted of the crime of embezzlement should he convert the whole of the earnings to his own use.'' The indictment in this case was evidently drawn under section 788 of the Penal Code. This section was meant to apply to persons occupying fiduciary relations, such as public officers and officers and agents of corporations, public and private. To sustain a conviction under this section, three facts must be shown:—1. The trust relation; 2. The possession or control of property by virtue of the trust; and 3. The fraudulent appropriation of the property not in the due and lawful execution of the trust. If an agent of a corporation authorized to carry on a business for his principal receives a commission upon the proceeds of the business, he is still a trustee for the use of his principal as to the remainder, and has in his possession property by virtue

of his trust. In this case, Meyer was required to send at stated intervals the amount of the receipts of the office less his commission. These amounts, at least, he held in trust for the corporation, and it was these which constituted the subject-matter of the embezzlement.          ;

The cases cited by appellant's counsel were cases applying to persons occupying different relations to that of Meyer, and were under different statutes, and hence have no bearing upon this case. The evidence is, we think, sufficient to sustain the verdict.

The judgment and order must be affirmed, and it is so ordered.

Wright, C. J., and Kibbey, J., concurring.