[Crim. No. 1582. Second Appellate District, Division One.—February 10, 1928.]

THE PEOPLE, Respondent, v. S. H. BLACK, Appellant.

220

Joseph Seymour for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

WOOD (W. J.), J., *pro tem.*—Appellant was accused by information filed by the district attorney of selling intoxicating liquor. He entered a plea of guilty on July 6, 1927, and on July 9, 1927, was sentenced to imprisonment for six months. On July 25, 1927, he filed in the superior court of Riverside County a petition for a writ of error *coram nobis*, in which he set forth that his plea of guilty had been entered by him "through the agency of duress, fraud and deception." He alleged that one William Rush had been his employer at the Oasis pool-hall in the city of Blythe; that Rush had told him before the entry of his plea that if he would state to the court that he (appellant) had a lease on the premises and was running the business where the liquor was alleged to have been sold, it would avoid implicating the said Rush; that he (Rush) would pay any fine that would be imposed and that appellant would not receive a jail sentence. The petition further sets forth: "And he your petitioner believing that the said William Rush would be able to do the things that he said he would do all of which were believed by your petitioner which have hereinbefore been related and all of which the said William Rush has failed to do and all of which William Rush was without right of authority to promise to do or to perform and all of which the said William Rush knew, all of which was a deception upon your petitioner and all of which caused

your petitioner to make the statements which he did make in the Superior Court, County and State aforesaid. Your petitioner further states, avers, and alleges the facts to be that the statements made by him in such Superior Court where inaccurate and untrue and caused the Court to render a judgment which it did upon an assumed existance of fact and condition which in truth did not exist and the non-existance of which would have prevented the rendition of a judgment that was rendered.''

It appears from the clerk's transcript that on July 26, 1927, the petition came regularly on for hearing, at which time appellant testified as a witness and certain documentary evidence was admitted. The cause was argued and petitioner's attorney moved for permission to file an amended petition. The motion was granted and the matter continued to August 5, 1927. An amended petition was filed on July 30th, to which an answer was filed by the district attorney on August 5, 1927. A motion to dismiss the amended petition was filed by the district attorney on August 5th. The record shows that this motion was argued and denied on August 5, 1927, whereupon the court made an order that the matter be continued to August 11, 1927, ''for further hearing.'' The minutes of August 11th show that the motion for a writ was argued and submitted. Nothing further appears to have been done until October 8, 1927, at which time this minute order appears: ''This matter having heretofore come on regularly for hearing and the court having heard the testimony of witnesses and the arguments of counsel and having taken said matter under submission for further consideration. Therefore, the court at this time renders its decision in open court and orders that the writ of error *coram nobis* be and the same is hereby denied. Petitioner at this time through his counsel gives notice of appeal . . . ''

In appellant's brief appears this statement: ''As heretofore stated, there is only one question involved and it is this: When an amended petition for a writ of error *coram nobis* has been held sufficient or where a motion to dismiss the same has been denied, is the superior court bound and obliged to issue the writ of error *coram nobis* as prayed for in said amended petition?'' It is argued that

the denial of the motion of the district attorney to dismiss the petition left no course open for the court to pursue other than to grant the writ. With this contention we cannot agree. The denial of the motion to dismiss was not a final determination of the matter. The court still retained jurisdiction of the petition which was still pending. At the time of the denial of the motion the court might have wanted to consider the matter further; or it might have concluded that the proper procedure would be to deny the writ by minute order rather than to grant the motion to dismiss. The denial of the motion might be likened to the overruling of a demurrer, an act which would not prevent the court from sustaining an objection to the introduction of any evidence at the trial on the ground of insufficiency of the complaint to state a cause of action.

█ Although appellant states that the only question involved in this appeal is the one which we have just given consideration, a careful reading of his brief discloses that he makes complaint that he has not been given a hearing upon his amended petition. The record discloses, however, that on July 26th he was given a hearing and evidence introduced, including the testimony of appellant himself. After the answer to the amended petition was filed the matter was continued to August 11th "for further hearing." The record is silent as to whether there was further evidence introduced or offered. If appellant had any further evidence to present to the court it was his duty to offer it at the time provided for the hearing or make appropriate showing of his desire to do so at some other time. Appellant has not furnished this court with a statement of the evidence received in the superior court. For aught that appears it may have fully covered all the issues and fully justified the ruling of the court. █ It is the duty of appellant to present to this court a record which will enable us to determine if error has been committed. In the absence of such a record it must be presumed that the action of the lower court was correct. Moreover, a comparison of the petition with the amended petition discloses that the facts upon which appellant seeks relief were sufficiently set forth in the original petition. The main reason for the filing of the amended petition seems to have been the desire

on the part of the appellant to retract or explain certain statements he made to the court under oath at the time of the hearing on July 26th. This is apparent from the following statements taken from the amended petition: "Petitioner further states and alleges the fact to be that on July 25, 1927, in Department 2, Superior Court of the State of California, in and for the County of Riverside, the Honorable W. H. Ellis, Judge presiding, your petitioner did take the stand and testify all of which is well known to the Court. Your petitioner further shows and states that at the time as is well known he was greatly overcome by grief and weight of conscience, that while he understood a great deal of what was said and addressed to him he was for much of the time while he was on the witness-stand confused and in a state of mind that did not permit him to function normally and as evidence of this fact your petitioner states that this is the first time that he ever was in any court except once as a witness and he draws to the Court's attention the fact that A. M. Haynes, the Official Court reporter had great difficulty in understanding what your petitioner was endeavoring to say. Your petitioner further states and alleges the fact to be that he did make an answer to a question propounded to him by the District Attorney in the matter of his conscience and that he did reply in the negative thereto that such was by no means his intention, that one of the principal factors in the matter of this your petitioner's petition was to relieve your petitioner's conscience. Your petitioner further states, alleges and avers the fact to be that he is not a man of extended education, that he did not understand what was meant by the terms coerce and duress. Your petitioner further states that he did not make it clear that he is satisfied, that it was not his purpose to protect William Rush and keep him out of jail and keep him from having to pay a fine, but that the real agency which governed your petitioner's conduct was the wholesome fear of the dire results which would result to your petitioner if he did not do as the said William Rush directed and demanded."

A trial by jury of the issues presented by the petition was demanded by appellant on August 1, 1927. He now contends that the denial of the jury trial was error. This is not a proceeding in which a jury trial can be demanded

as a matter of right. ■ Moreover, the request for trial by jury came too late, the hearing having been commenced and evidence received before the jury was requested.

■ There is another and very good reason why the petition should be denied, for the facts as shown by the petition itself disclose that this is a case in which it would not be proper to grant the writ. Both the original and amended petitions contain this statement: "Your petitioner further states, avers and alleges the facts to be that the statements made by him in such superior court where inaccurate and untrue and caused the court to render a judgment which it did upon an assumed existence of fact and condition which in truth did not exist and the non-existance of which would have prevented the rendition of a judgment that was rendered." While it is well settled that the writ of error *coram nobis* may be invoked to correct an error of fact upon a proper showing that the error was occasioned by duress or fraud, the writ cannot be invoked in a case in which the petitioner is a party to the fraud. ■ Here it is alleged that an individual not clothed with the authority of an officer of the law induced petitioner to believe that he would receive only a fine, which would be paid by someone else. Believing that the judge would be lenient he pleaded guilty, and in accordance with the prearranged plan made false statements to the court concerning the charge in an endeavor to shield the party who had promised to pay his fine. In such a case the writ should not be granted.

The order is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1928.

All the Justices concurred.