[Crim. No. 1581. Second Appellate District, Division One.—February 10, 1928.]

THE PEOPLE, Respondent, v. S. H. BLACK, Appellant.

Joseph Seymour for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

WOOD (W. J.), J., *pro tem.*—A complaint was issued by the justice of the peace of Riverside township, in which the appellant was accused of the possession of intoxicating liquor. To this charge he entered a plea of guilty on July 5, 1927, and was sentenced to pay a fine of five hundred dollars or be imprisoned six months. The fine not being paid he was remanded to the custody of the sheriff. A petition for a writ of error *coram nobis* was filed by appellant in the superior court of Riverside County on July 25, 1927, in which he sought to vacate the judgment of the justice court on the ground, as alleged, that he had entered

his plea through duress and fraud. He set forth in his petition that one William Rush, his employer, had induced him to enter the plea of guilty upon Rush's assurance that only a light fine would be imposed, which Rush would pay. Upon his plea of guilty he made untrue statements to the court, in which he falsely exonerated Rush from responsibility in the matter of the possession of the liquor. The superior court made an order on October 8, 1927, denying the writ, and from this order petitioner appeals.

In his petition to the superior court appellant asks for a "writ of error *coram nobis.*" This term is not accurately used. The writ *coram nobis* is issued from a court to correct certain errors of fact made in the court that issues the writ. The writ *coram vobis* is issued to correct certain errors of fact made in an inferior tribunal. Therefore, the writ in the present case should have been termed "*coram vobis.*" However, the two terms have been used interchangeably by good authority and we feel justified in regarding the matter as if the proper nomenclature had been used.

This case might be called a companion case to *People* v. *Black, ante,* p. 219 [264 Pac. 343], in which our opinion is this day filed. In that case a plea of guilty was entered in the superior court, while in the instant case the plea was entered in the justice's court. In both cases relief was sought in the superior court on the same day; the allegations of the facts upon which relief is sought are the same in both cases; and the superior court took the same action in both cases. The reasons for our disposition of the matter are set forth in the opinion filed in *People* v. *Black, supra.* For the reasons therein given the order in the present case should be and is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1928.

All the Justices concurred.