[Crim. No. 1481. First Appellate District, Division One.—October 19, 1928.]

THE PEOPLE, Respondent, v. EDWARD L. KIRK, Appellant.

Joseph P. Lacey, William R. Geary and G. W. Lupton, Jr., for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was charged and convicted of the crime of embezzlement. He appeals from the judgment and order denying his motion for a new trial. The information charges him with having on or about the fourth day of June, 1927, embezzled the sum of $400, the personal property of one Bessie N. Buschke. Defendant is an attorney at law. He represented the owners of certain real property in Alameda County who were nonresidents of the state. One Glen H. Mosley, a licensed real estate broker, had supervision of the property for the collection of rents and other purposes. He acted under the direction of defendant Kirk. The property consisted of a residence situated at Broadmoor Boulevard, San Leandro. Moseley, advertised the same for sale, and as a result thereof certain offers were received by him from prospective purchasers. The first offer was for the sum of $5,000 cash. Moseley, believing that defendant had been given authority as the agent and attorney for the owners to make the sale, communicated with him concerning this offer. Defendant submitted the offer to the owners for their approval, but they were dissatisfied with the same and so advised him. Subsequently, on April 13, 1927, Bessie N. Buschke made an offer of $5,750. This offer was conditioned on a down payment of $500, balance at the rate of $45 per month to be applied to principal and interest. Mrs. Buschke was guardian of the estate of her husband and her offer was subject to the further condition that the court approve of

the transaction. Upon receiving the offer Moseley took a deposit from Mrs. Buschke in the sum of $100, subject to the owner's approval, and submitted the offer to defendant Kirk. Kirk informed Mrs. Buschke that if she wanted the property that her offer and terms would be acceptable. Defendant volunteered to attend to the application before the probate court for permission to use the guardianship funds for the purchase without charge to Mrs. Buschke. Prior to the hearing of this application and on May 27th of the same year Mrs. Buschke sent her bank-book to defendant Kirk, together with an order on the bank authorizing it to pay Kirk the sum of $400 from the guardianship account. Defendant withdrew this sum from the said account on June 4, 1927, and deposited the same to his personal account and subsequently checked out the funds for his own personal benefit. On the same day Mrs. Buschke signed a deed of trust and a note in conformity with the terms of sale. Prior thereto and on May 1, 1927, Mrs. Buschke had entered into possession of the premises with the understanding that the deposit of $100 which she had made with Moseley was to be considered as rent in the event that the court failed to approve the transaction. Upon the hearing of the application defendant secured an order of the court that the sum of $424.48 be invested in the enterprise. Subsequent to July 1, 1927, Mrs. Buschke made three monthly payments of $45 to defendant and received his receipt for the same. At various times during the months of June and July, 1927, defendant paid Moseley the amount of his commission for procuring the purchaser. It appeared in evidence that at the time Mrs. Buschke made her offer for the property defendant telegraphed the owners concerning the same and recommended acceptance. He received a telegram in reply advising him not to accept the offer upon the tentative terms, the owners stating that they wanted cash. As heretofore stated, defendant thereafter received the payment from Mrs. Buschke on May 27, 1927, but he failed to inform his clients of this fact, but placed the money in his own personal bank account and subsequently checked out the amount for his own personal use and benefit. At the time Mrs. Buschke made the payment to defendant and at various other times, she demanded a deed from him, but was put off from time to time, with

the assurance that the matter would be taken care of. The owners of the property heard nothing further from defendant concerning the transaction. Upon a visit to this state they discovered the condition of affairs. They employed an attorney, who interviewed defendant to ascertain from him upon what authority he had made the sale. Defendant claimed he was authorized to do so by the owners, but subsequently admitted that he had no such authority. On September 13, 1927, over three months after defendant had received the deposit, Mrs. Buschke was served with written notice from the owners to surrender the property. On the following day she swore to a complaint charging defendant with embezzlement and subsequently quitted possession of the premises.

Defendant contends that this evidence does not establish the fact he ever had the intent to feloniously appropriate the money in question to his own use. The question of intent being incapable of direct proof a jury is permitted to determine this question from the facts and circumstances of the case and except in a case where the facts proved afford no reasonable ground for an inference as to intent, it is the peculiar province of the jury to find the intent and to say what particular intent follows from the acts done. (*People* v. *Tom Woo*, 181 Cal. 315, 326 [184 Pac. 389]; 8 Cal. Jur., p. 278.) The prosecution attempted to prove similar offenses committed by defendant for the purpose of showing a guilty intent, but this evidence was rejected by the trial court. Aside from any question concerning this ruling, we are of the opinion that the facts and circumstances in evidence were amply sufficient to satisfy the minds of the jurors beyond a reasonable doubt of the truth of the charge. No attempt was made by defendant to explain his acts, the defense having rested upon the conclusion of the case made out by the prosecution. Nor does the fact as claimed that no demand was ever made upon defendant for a return of the funds constitute ground for reversal. The guilt or innocence of defendant does not depend upon the question whether or not any demand was made upon him for the money involved. The real question is: Does the evidence establish the crime charged? The test of the crime of embezzlement is whether the evidence shows clearly a fraudulent appropriation by the de-

fendant of the money; and proof of a demand is not required when the evidence otherwise shows the fact of such fraudulent appropriation. It is only in the absence of such other sufficient proof of a fraudulent appropriation that a demand may be necessary to fix the fact of the fraudulent appropriation; but the test of the crime is not thereby altered, but always is: Does the whole evidence establish the crime charged? (*People* v. *Blair,* 19 Cal. App. 688 [127 Pac. 657].) A careful reading of this entire record convinces us that it does. It shows that while defendant had authority to receive bids for the property, he had no authority to make the sale in question. On the contrary, he had received positive instructions from the owners not to do so. Notwithstanding these instructions, he accepted the funds belonging to Mrs. Buschke, placed them in his personal bank account and subsequently misappropriated the same to his own use. The judgment and order should be affirmed. It is so ordered.

Knight, J., and Campbell, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 17, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 17, 1928.

All the Justices present concurred.