[Crim. No. 2508. Second Appellate District, Division One.—April 3, 1934.]

THE PEOPLE, Respondent, v. PAUL M. GREEN, Appellant.

Entenza & Gramer for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment which followed his conviction of the crime of grand theft; also from an order by which his motion for a new trial was denied.

Briefly, the pertinent facts adduced on the trial of the action were that a man named O'Conner, who was the driver of an ice wagon, was considering the advisability of his engaging in the operation of a cafe; and in that connection that defendant stated to O'Conner that he thought he could save O'Conner some money on the purchase of used fixtures that were deemed necessary for the equipment and furnishing of the cafe;—following which, in pursuance thereof, and for that purpose, in circumstances not necessary herein to be detailed, O'Conner placed the sum of $260 in the hands of defendant. Whereupon defendant induced O'Conner to go to a room in an apartment house that theretofore, for the space of a few hours only, defendant had temporarily rented, and which room he had procured to be specially furnished with a table, a deck of playing cards and intoxicating liquor, at which time and place defendant and O'Conner drank some of such liquor. In about ten minutes after they had thus entered the said room they were joined by a man from whom defendant claimed furnishings for the cafe were to be purchased. Whereupon, on the pretext that the third man had had "a run-in with the missis" and he had "to go over to the house a few minutes", the said man and defend-

ant excused themselves to O'Conner with the understanding that they would join him at the room ."within a few minutes". Omitting other circumstances which might be construed as being suspicious in their nature, it may suffice to state that neither defendant nor his companion ever returned to the place where they had left O'Conner; nor did O'Conner ever see defendant again until twenty-four days thereafter, at which time defendant was placed under arrest charged with the commission of the offense of which he was later convicted. In the meantime, he had purchased no equipment or furnishings for the cafe.

█ Appellant's first contention is that the evidence was insufficient to sustain the verdict, in that no demand was ever proved to have been made upon defendant for the return of the money to O'Conner.

In the case of *People* v. *Kirk*, 94 Cal. App. 378, 381 [271 Pac. 347], where a similar question was raised, in part the court said: " . . . The test of the crime of embezzlement is whether the evidence shows clearly a fraudulent appropriation by the defendant of the money; and proof of a demand is not required when the evidence otherwise shows the fact of such fraudulent appropriation. It is only in the absence of such other sufficient proof of a fraudulent appropriation that a demand may be necessary to fix the fact of the fraudulent appropriation; but the test of the crime is not thereby altered, but always is: Does the whole evidence establish the crime charged? (*People* v. *Blair*, 19 Cal. App. 688 [127 Pac. 657].) . . . " To the same effect, see *People* v. *Dewindt*, 67 Cal. App. 220 [227 Pac. 619], *People* v. *Keller*, 79 Cal. App. 612 [250 Pac. 585], *People* v. *Hatch*, 163 Cal. 368 [125 Pac. 907], and cases therein respectively cited.

In recognition of the persuasive force of such authority, it suffices to state that, in the opinion of this court, considering the facts herein, in order to sustain the judgment of conviction of defendant of the crime of grand theft as defined by section 484 of the Penal Code, evidence that in behalf of O'Conner a demand was made upon defendant that the money be returned to O'Conner was not necessary.

█ Appellant also asserts that error prejudicial to the substantial rights of defendant was committed by the trial court in giving to the jury certain instructions that were

offered by the prosecution, but which instructions failed to contain therein certain elements necessary to the commission of grand theft. However, since an examination of the record herein discloses the fact that the elements to which appellant refers in substance were contained within other instructions which were given to the jury by the trial court, it is clear that on that account appellant has no just cause for complaint.

Appellant further complains of alleged misconduct of the deputy district attorney in charge of the prosecution of the action that occurred on the trial thereof. On consideration of such specifications, it appears that as to nearly all of them no specific objection was interposed by defendant, and that such objections as were made were neither definite nor certain. In other words, the objections made by defendant were so general in their nature that the trial court could not thereby have been advised of the particular alleged misconduct of the deputy district attorney to which attention was sought to be attracted. Nor was the misconduct in question of such a character that in all probability, by proper and timely instruction to the jury its prejudicial effect, if any, could not have been destroyed or obliterated. Giving effect to all facts and circumstances connected with the several alleged acts of misconduct of which complaint is made, the conclusion of this court is that, although not to be commended as either proper or ethical, nevertheless they were not of that importance that in consequence thereof the verdict of the jury was thereby at all affected.

It is ordered that the judgment and the order be and they are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 16, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1934.