[Crim. No. 4559. Second Dist., Div. Three. Mar. 28, 1951.]

THE PEOPLE, Respondent, v. JOE VASQUEZ RUIZ, Appellant.

Joe Vasquez Ruiz, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was charged with, and convicted of, forging and uttering a check in the amount of $47.58 and with a prior conviction of robbery. He admitted the prior conviction. He appeals from the judgment. Appearing in propria persona, he makes a number of points which we discuss seriatim.

1. The first point is that the information is "invalid." Defendant did not move to set the information aside. It charged defendant with forgery committed as follows: "That the said JOE VASQUEZ RUIZ on or about the 14th day of February, 1950, . . . with intent then and there to cheat and defraud Aurora Romero, Eastern Cabinet & Furniture Company, Bank of America National Trust and Savings Association, Jefferson-San Pedro Branch, a corporation, did then

and there willfully, unlawfully, fraudulently and feloniously make, forge and counterfeit a certain check and order in writing for the payment of money, in the sum of Forty-seven and 58/100 Dollars (47.58) and did then and there utter, publish and pass the same, knowing that said check was false, forged and counterfeited as aforesaid, with intent then and there to cheat and defraud the said Aurora Romero, Eastern Cabinet & Furniture Company, Bank of America National Trust and Savings Association, Jefferson-San Pedro Branch, a corporation, as aforesaid.'' ▆ The information charged the offense in the language of the statute (Pen. Code, § 470) and is therefore sufficient. (*People* v. *Holt,* 93 Cal.App.2d 473, 476 [209 P.2d 94].)

▆ 2. The second point is that the evidence is insufficient to sustain the judgment. On February 14, 1950, defendant entered a store in Los Angeles. He handed a check to Aurora Romero's mother. The check was on the form of Eastern Cabinet and Furniture Company, 2040 East 45th Street, Los Angeles. It was dated February 13, 1950, in the amount of $47.58, and named Frank Noriega as payee. It was drawn on Bank of America, Jefferson-San Pedro Branch, and was signed ''Eastern Cabinet & Furniture Company by E. W. Gillious.'' Defendant asked Miss Romero's mother if she (the mother) would cash the check. The mother asked the amount of the check, and defendant replied ''47.'' Defendant handed the check to her and she ''opened it,'' and they (Aurora and her mother) saw that it was ''the same company we had received another check the day before that, on the 13th, I believe, that we received a check for $58.'' The mother told defendant she was going to get the change, went to Miss Romero's father, and told him about it. The father approached defendant and asked him for a Social Security card. Defendant handed him a card with the same name on it as the payee of the check, Frank Noriega. The father then said that that was the check he was waiting for. He had the check and the card in his hand at the time. Defendant grabbed the check and started to run. He ran to the door and tried to throw the check outside. A man on the other side of the store stopped defendant. The father then got hold of him and held him until the police arrived.

S. Gillis testified that he and his partner S. Paull were the owners of Eastern Cabinet and Furniture Company; no one but his partner and himself were authorized to sign checks for the company; the signature on the check was

not his and the name was spelled wrong; there was no one in the firm by the name of "E. W. Gillious"; he did not give any one permission to sign his name to the check; a short time before February 14, 1950, a window at the firm's place of business was broken during the night and in the morning a number of blank checks, similar to the check in question, were missing; defendant did not have permission to enter the place of business or take anything from it.

The evidence was thus sufficient to establish that the check was forged and uttered by defendant with intent to cheat and defraud Eastern Cabinet and Furniture Company and Bank of America. The fact that the evidence did not establish that defendant intended to cheat and defraud Aurora Romero, who was named in the information as one of the persons he intended to cheat, is immaterial. (*People* v. *Williams*, 27 Cal.2d 220, 225, 226 [163 P.2d 692]; *People* v. *McGilver*, 67 Cal. 55 [7 P. 49]; *People* v. *Amy*, 100 Cal.App.2d 126, 127 [223 P.2d 69]; *People* v. *Geibel*, 93 Cal.App.2d 147, 163 [208 P.2d 743]; *People* v. *Gonzales*, 69 Cal.App. 609, 612 [231 P. 1014].) The fact that the People did not call an expert to prove that defendant signed the check is of no consequence. The evidence was sufficient to warrant the inference that he signed it. Possession of an instrument recently forged by one claiming under it, like the possession of goods recently stolen, is evidence against the possessor. (*People* v. *Cline*, 79 Cal.App.2d 11, 14 [179 P.2d 89].) Merely presenting a forged check for payment constitutes an uttering. (*People* v. *Tomlinson*, 35 Cal. 503, 509.) Defendant's attempted flight was evidence of a consciousness of guilt. (*People* v. *Anderson*, 90 Cal.App.2d 326, 333 [202 P.2d 1044].)

 3. The third point is that defendant was denied due process of law in that he was denied the assistance of counsel. The only bases for the point are unsworn statements in defendant's brief. There is nothing in the record to support the claim. "On appeal from a judgment, matters raised in the brief, which appear to be merely unsworn statements of the defendant as to certain purported facts in the case, which purported facts were not before presented to the trial court for consideration, cannot be considered on appeal. (*People* v. *Gilpin*, 38 Cal.App.2d 24, 26 [100 P.2d 356].)" (*People* v. *Evans*, 102 Cal.App.2d 320, 321 [227 P.2d 461].) The record discloses that defendant was at all times represented by counsel and that if he had desired to change

counsel he had ample time to do so. With his reply brief defendant has submitted a number of affidavits. Matters not in the record cannot be considered on appeal. (*People v. Black,* 89 Cal.App. 219, 222 [264 P. 343] ; *Estate of Tubbs,* 82 Cal.App.2d 305, 307 [186 P.2d 7].)

 4. The fourth point is that the district attorney was guilty of prejudicial misconduct. This point is also based on unsworn statements in defendant's brief. There is nothing in the record to support it.

There is no prejudicial error in the record.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.