THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES THEODORE MURPHY, also Known as THEODORE DELMAR, Defendant.

County Court, Nassau County, December 31, 1951.

*Frank A. Gulotta, District Attorney (Philip Huntington* of counsel), for plaintiff.

*James Theodore Murphy,* defendant in person.

CHRIST, J. This is an application in the nature of a writ of error *coram nobis* by defendant, a prisoner in Dannemora State Prison, for an order vacating two convictions in this court and the sentences made thereon.

On February 23, 1945, the defendant was convicted of burglary, third degree and of escape from jail upon his pleas of guilty to each charge. The clerk's minutes show that although he was fully advised of his right to counsel he declined such aid at the time of pleading. However, on February 27, 1945, Irving Cahn, Esq., an attorney experienced in criminal practice in Nassau County, appeared for defendant by formal written notice of appearance. Thereafter, on April 11, 1945, defendant was further arraigned in the presence of his counsel upon information of the District Attorney charging the defendant to be a third felony offender. On this charge the defendant acknowledged his identity as the same person previously convicted. The court on that day forthwith sentenced him a minimum of ten and a maximum of twenty years in Sing Sing Prison on the conviction of burglary, third degree, and a minimum of three and one-half and a maximum of seven years on the conviction

of escape from jail, the sentences to run consecutively. During all these proceedings both the clerk's minutes and the stenographic transcript of the sentence disclose that defendant was represented by his counsel, Mr. Cahn.

The petitioner bases his right to relief upon three grounds; first, that he was not mentally competent or capable of understanding the proceedings when he pleaded guilty; second, that he was not represented by counsel; and, third, that his guilty pleas were secured by trickery, fraud and misrepresentation, in that in return for his payments of money to an assistant district attorney and one of the arresting officers he was promised by them a light sentence which he did not receive. In the words of the petition " these officials ' double-crossed ' defendant in that they did not produce the results paid for, first, lighter sentencing; secondly, amelioration of sentences imposed ".

The contentions, first, that the defendant was not mentally competent or capable of understanding the proceedings when he pleaded guilty and, second, that he was not represented by counsel are considered together. They are not borne out by the facts. The record does show that upon arraignment for pleading the defendant was advised of his right to counsel but that he stated " he did not wish counsel ". However, within four days after he plead guilty the petitioner was represented by counsel and six weeks were to elapse while the defendant was so represented before he was sentenced. The defendant thus had full opportunity prior to sentence to withdraw his plea of guilty and through his attorney to assert that he was not competent or capable of understanding the proceeding. No such steps were taken. On the contrary, defendant appeared with counsel for sentence on April 11, 1945, had no objection to the imposition of sentence and acknowledged himself to be the same person previously convicted of two felony charges. Then further, and still in the presence of his counsel, all as appears from the minutes of this court defendant was sentenced to prison as has been stated.

The law is quite settled on these principles. One who is not informed by the court of his right to counsel and who pleads guilty to a crime and is sentenced, all without the benefit of legal advice, may have the conviction set aside. (*Matter of Bojinoff* v. *People*, 299 N. Y. 145.) But one who is advised of his right to the aid of counsel and then proceeds deliberately without counsel to enter a plea of guilty may not complain. (*Carter* v. *Illinois*, 329 U. S. 173.) A defendant may elect whether to proceed without counsel or to take counsel. He is

guaranteed the right but is not compelled to have counsel. (*People* v. *Price,* 262 N. Y. 410; Code Crim. Pro., § 8.) Where the issue as to whether defendant was advised of his right to counsel is in dispute and the record is not clear on the point the prisoner is entitled to a hearing to establish that he was not so advised. (*People* v. *Richetti,* 302 N. Y. 290.) However, one who pleads guilty without counsel but thereafter and before sentence obtains counsel and is represented by his attorney in court at the time of sentence may not have his plea of guilty set aside after sentence upon the ground that he was not advised of his right to counsel prior to or at the time of pleading and that he did not understand legal proceedings. (*Canizio* v. *New York,* 327 U. S. 82.) This decision is based upon the principle that where an ample opportunity to advance objections as to the pleading is afforded before or at the time of sentence and nothing is said, the questions may not be raised after sentence.

On the authority of both *Carter* v. *Illinois* (329 U. S. 173, *supra*) and *Canizio* v. *New York* (327 U. S. 82, *supra*) defendant's conviction will not be set aside upon the first two grounds advanced.

The last ground of defendant's application is that his plea of guilty was secured by trickery, fraud and misrepresentation on the part of an assistant district attorney and one of the arresting officers in charge of the defendant's case. In the words of the defendant's petition '' these officials ' double-crossed ' defendant in that they did not produce the results paid for ''. The petitioner cannot prevail even if he proves these statements to be true. He asserts that two officials were bribed by him to procure a light sentence but that the sentence was unaffected by his payment and that his sentence was not what he had bargained for. It is now claimed that since the criminal compact was not carried out defendant may proceed anew to test his guilt.

It is not claimed that the bribed officials in any manner influenced or attempted to influence the judgment of the court either for or against the defendant. It is not claimed that the sentence was improper or unjust. The claim on the contrary is that the judgment and sentence of the court was not affected by the bribery compact, '' they did not produce the results paid for ''.

The truth or falsity of petitioner's allegations is not determined by the court but that position most favorable to the petitioner's case, i.e., the truth of the allegations, is assumed for the purpose of this proceeding.

A defendant not represented by counsel who is induced to plead guilty by a promise of the sentencing court to give a light sentence may have his conviction set aside where the court imposes a maximum sentence contrary to its promise. (*People* v. *Guariglia*, 303 N. Y. 338). Such a case, however, is far different than the facts now before this court. Here are the added elements of the defendant's bribery and the absence of any representation by the sentencing court as to sentence to be imposed. A trial of the issues raised on this point of the petition would be futile since even if true they form no basis for setting aside the conviction. The petitioner may not advance his own criminal conduct as a basis for setting his conviction aside. The State punishes crime, it does not reward it. Incentives to corrupt law enforcement officers will not be given by predicating rights upon bribery. Bribery brings liabilities and disabilities to the briber for it strikes at the heart of true government. It corrupts wherever found and no advantage may spring from its practice. None will be allowed in this case. In *People* v. *Black* (264 P. 343 [Cal.]) the court denied an application in the nature of a writ of error *coram nobis* upon the ground of fraud where the petitioner himself was a participant in the fraud. The case before us is even stronger on the facts than those presented in *People* v. *Black* (*supra*). Here, the petitioner, by his own admission, had committed the crime of bribery in order to influence the court's decision with respect to his sentence.

The petition here has been served upon the District Attorney and his attention has been called to the allegations of bribery which it contains. It is to be presumed that a thorough investigation of these statements will be pursued to determine their truth to the end that if a crime has been committed it will be prosecuted and that if any law enforcement officials or employees are guilty of misconduct as alleged they will be removed. The petition is, in all respects, denied. Submit order.