[Crim. No. 6494.   Second Dist., Div. Two.   Mar. 18, 1959.]

THE PEOPLE, Respondent, v. AUBREY GUY POUNDS, Appellant.

Aubrey Guy Pounds, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

HERNDON, J.—After conviction in the court below of knowingly uttering and passing a check for $100 bearing the forged signature of the payee (Pen. Code, § 470), appellant appeals from the judgment and the order denying his motion for a new trial contending (1) that the evidence was insufficient; and (2) that the information was fatally defective.

There being no semblance of merit in this appeal, our summary of the evidence will be condensed. The maker of the check testified that he drew the instrument to the order of Dorothy Comby and mailed it to her. He did not authorize anyone other than the payee to endorse it. Dorothy Comby testified that she did not receive the check; nor did she authorize appellant, or anyone else, to sign her name thereon. One Herbert Brown testified that on February 7, 1958, he met appellant at the Central Café in Pasadena. Appellant asked Brown to loan him some money. When Brown replied that he had none, appellant asked Brown if he knew where he could cash a check. Brown answered in the affirmative, whereupon appellant said that if Brown would take him home, he would get a check cashed and get some money. Brown got his friend Shamburger to drive appellant to his home. En route, appellant offered to buy some drinks and some gas. Appellant entered his house, and shortly returned with the check which he handed to Brown. Brown noted that it was "a company check." Appellant stated that "it was his girl friend's check" and asked Brown to cash it since he didn't have any identification. Thereupon they proceeded to a liquor store where they sought to cash the check. The clerk in the liquor store declined to cash the check until it was endorsed by Brown and by one Davy, an acquaintance of Brown's, who happened to be in the store at the time. Brown testified that he would not have signed his name to the check had he known

the endorsement of Dorothy Comby was not genuine. When the check was cashed, the clerk placed the money on the counter and Brown handed it to appellant.

Appellant testified in his own behalf. His version of the transaction was very different from that described by the other witnesses; it incriminated Brown and portrayed appellant as an innocent bystander.

The prosecution made no attempt to prove that appellant actually forged the endorsement of Dorothy Comby, but proceeded upon the theory that appellant knowingly uttered and passed the forged check through the innocent agency of Brown. It is self evident that the testimony of the witnesses Brown and Shamburger support this theory. ■ Where a person has caused a crime to be committed through the instrumentality of an innocent agent, such person is the principal. (*People* v. *Waxman,* 114 Cal.App.2d 399, 408 [250 P.2d 339]; *cf. People* v. *Monks,* 133 Cal.App. 440, 447 [24 P.2d 508]; *People* v. *Keller,* 79 Cal.App. 612, 617 [250 P. 585]; see 14 Cal.Jur.2d, 232, § 47.)

■ "The crime of forgery consist either in the false making or alteration of a document without authority or the uttering (making use) of such document with the intent to defraud." (*People* v. *McKenna,* 11 Cal.2d 327, 332 [79 P.2d 1065]; *People* v. *Chapman,* 156 Cal.App.2d 151, 156 [319 P.2d 8].) ■ "To constitute forgery by uttering or passing a forged instrument as defined in section 470 of the Penal Code, three important factors are requisite: 1. It must be uttered, published, passed, or attempted to be passed, as true and genuine; 2. It must be known by the person uttering or passing it to be false, altered, forged, or counterfeited; 3. It must be with intent to prejudice, damage, or defraud some person." (*People* v. *Smith,* 103 Cal. 563, 565 [37 P. 516]; *People* v. *Chapman, supra,* 156 Cal.App.2d 151, 156.)

■ We have no hesitancy in declaring the sufficiency of the evidence to sustain the trial court's finding that all these essential elements of the offense were proved as against appellant. As we have noted, two witnesses testified that appellant produced the check upon emerging from his place of residence and declared that "it was his girl friend's check." But Dorothy Comby, the payee of the check, testified that she neither received it nor authorized anyone to endorse it. Appellant did not testify that Dorothy Comby was his girl friend, nor did he attempt to show that this was a fact, either by his cross-examination of Dorothy Comby, or otherwise.

In addition, it is to be remembered that "[t]he possession of an instrument recently forged, by one claiming under it, like the possession of goods recently stolen, is evidence against the possessor." (*People* v. *Smith, supra,* 103 Cal. 563, 566; *cf. People* v. *Cline,* 79 Cal.App.2d 11, 14 [179 P.2d 89]; *People* v. *Ruiz,* 103 Cal.App.2d 146, 149 [229 P.2d 73].)

Appellant argues that the witnesses Brown and Shamburger were at least "aiders and abettors" in the transaction so that their testimony required corroboration. This argument fails because the evidence adequately supports the trial court's implied finding that said witnesses were innocent participants and not accomplices. (See *People* v. *Santo,* 43 Cal. 2d 319, 326-327 [273 P.2d 249]; *People* v. *Comstock,* 147 Cal. App.2d 287, 292 [305 P.2d 228]; *People* v. *Williams,* 30 Cal. App.2d 234, 238 [85 P.2d 974].)

Appellant's attack upon the information seems to be based upon the contention that it was not sufficiently definite and certain to inform him as to the nature of the crime with which he was charged. The contention is without merit. Since the information charges the offense substantially in the language of the statute, it is sufficient. (*People* v. *Ruiz, supra,* 103 Cal.App.2d 146, 148; Pen. Code, § 952.) Moreover, appellant waived any claim of uncertainty by failing to demur to the information. (*People* v. *Brac,* 73 Cal.App.2d 629, 635 [167 P.2d 535]; *People* v. *Benenato,* 77 Cal.App.2d 350, 363 [175 P.2d 296].)

Affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied April 9, 1959, and appellant's petition for a hearing by the Supreme Court was denied May 13, 1959.