[Crim. No. 4472.   Second Dist., Div. Two.   Oct. 2, 1950.]

THE PEOPLE, Respondent, v. JOSEPH OLIVERIO,
Appellant.

Leland E. Zeman for Appellant.

Fred N. Howser, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WILSON, J.—The only point raised by appellant for a reversal of the judgment in this case is that the evidence is insufficient to sustain his conviction of bookmaking in violation of subdivision 3, section 337a[1] of the Penal Code.

Appellant presented a motion for a new trial which was denied, whereupon he was sentenced to imprisonment in the county jail.  Execution of the sentence was suspended and he

[1]Section 337a: ''Every person, . . .

''3.  Who . . . receives, holds, . . . or purports or pretends to receive, hold . . . any money . . . bet or wagered, or to be . . . bet or wagered, or offered for the purpose of being . . . bet or wagered, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of . . . speed . . . between beasts, . . .

''Is punishable by imprisonment . . .''

was placed on probation for a period of three years. He has appealed from the judgment of conviction and from the order denying his motion for a new trial.[2]

A statement of the evidence will demonstrate its sufficiency. A police officer had had appellant under observation for about three and a half weeks in a pool hall. On the date of arrest the officer had observed appellant for approximately an hour. The latter was approached from time to time by various people each one of whom had a conversation with him. Each would hand him a sum of money which he placed in his pocket, and he would then go to the pay telephone at the front of the room, dial a number and hold a short conversation. Appellant was approached by a person who said, "Give me Lurline; give me Jimmie John, five, one to place." This person handed appellant a sum of money which he placed in his pocket and went to the telephone. The officer moved close to the telephone and heard appellant say, "Jimmie John, one to place; and also, Lurline B, one to place." About 10 minutes later a person approached appellant and asked, "What did my bet pay?" to which he replied, "Ten, ten," took money from his pocket and handed it to the person. The officer left the pool hall and went across the street to confer with his fellow officer. When he returned to the pool hall appellant had left. The latter was arrested subsequently as he was returning home. The National Scratch Sheet, dated the day of the above mentioned occurrence, was fixed in a cardboard sign to the left of the pay telephone which appellant would consult while holding his telephone conversations.

Another officer entered the pool hall, heard the telephone bell ring "at least a dozen times." He answered it and the names of horses were given to him in the succeeding conversations.

When appellant was arrested he was carrying $200 on his person. An officer consulted the scratch sheet in question and found that two horses named Jimmie John and Lurline B were running in the fifth race at Del Mar on that date.

The evidence is sufficient to sustain the conviction, to establish the corpus delicti, and to prove the charge against appellant beyond a reasonable doubt. (*People* v. *Hoffman*, 94 Cal.App.2d 379, 382 [210 P.2d 885] and cases there cited; *People* v. *Woods*, 35 Cal.2d 504 [218 P.2d 981].)

---

[2]Appellant's brief does not conform with rule 15(a) of the Rules on Appeal (22 Cal.2d 12) in that it is not prefaced by a topical index of its contents or by a table of authorities.

It is not necessary that racing paraphernalia be found in the possession of the person charged with the crime of bookmaking. The only requirement is that he receive money as a wager on a race or a purported race. (*People* v. *Hoffman, supra.*) The evidence shows that appellant received money from a person who named two horses listed in the scratch sheet as being in a race at the Del Mar race track on the day in question. ▇ When the circumstances shown by the evidence reasonably justify the finding of guilt such finding will not be . disturbed by the reviewing court. (*People* v. *Warnick,* 86 Cal.App.2d 900, 903 [195 P.2d 552].)

Appellant's reliance upon *People* v. *Banks,* 39 Cal.App.2d 164 [102 P.2d 818], is in vain. We pointed out in *People* v. *Hoffman, supra,* at page 382, the inapplicability of that decision in a case where the evidence is similar to that above outlined, and further that the appellate court assumed the prerogative of the jury, weighed the evidence and accorded belief to the testimony of witnesses that the trial court had disbelieved. In *People* v. *Woods,* 35 Cal.2d 504, 509 [218 P.2d 981], the Banks case was specifically disapproved insofar as it is in conflict with evidence of the character presented in the Woods case.

Judgment and order denying new trial affirmed.

Moore, P. J., and McComb, J., concurred.