[Crim. No. 4578.   Second Dist., Div. Two.   Apr. 6, 1951.]

THE PEOPLE, Respondent, v. YSIDRO LOPEZ, Appellant.

Russell E. Parsons for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was found guilty of violating section 337a of the Penal Code.† He has appealed from the

†Section 337a. "Every person . . .
"3. Who . . . receives, holds, . . . or purports or pretends to receive, hold . . . any money . . . bet or wagered, or to be . . . bet or wagered,

judgment of conviction on the grounds that (1) the evidence is insufficient to sustain the judgment, and (2) the punishment imposed upon him is cruel and unusual.

## SUFFICIENCY OF THE EVIDENCE

A police officer entered a cocktail bar at about 2 o'clock in the afternoon and observed defendant who was seated at the bar with three or four other persons. The officer kept defendant under observation for about 40 minutes; during that time defendant looked at a scratch sheet which was lying on the bar; the other persons looked at the scratch sheet and pointed to it while they were talking to defendant; one man handed some money to defendant who picked up the scratch sheet, went to a telephone booth and dialed a number. While talking on the telephone he looked at the scratch sheet. He then returned to the bar. Another person looked at the scratch sheet and said to defendant, "I want two and two on Gold Jig." This person removed his wallet from his pocket and handed defendant some currency. Defendant went to another telephone booth, dialed a number and held a short conversation while looking at the scratch sheet. When he returned to the bar the officer placed him under arrest. He had $16 in his pocket.

The officer obtained the scratch sheet which had been used by defendant and the other persons. It was entitled "National Scratch Sheet" and its date was the date of the occurrence above mentioned.

It was stipulated that the officer was qualified to testify concerning the manner in which bookmaking is conducted in Los Angeles County. He testified that Gold Jig was the name of a horse and, referring to the scratch sheet which had been taken from defendant, testified that Gold Jig was entered in the sixth race at Golden Gate Fields, a horse racing track in the United States.

The foregoing evidence is sufficient to sustain the conviction. (*People* v. *Oliverio,* 99 Cal.App.2d 743 [222 P.2d 245] ; *People* v. *Hoffman,* 94 Cal.App.2d 379, 382 [210 P.2d 885] ; *People* v. *Woods,* 35 Cal.2d 504, 507, 509 [218 P.2d 981] ; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Defendant denied he was bookmaking and stated he had come to the barroom to see his brother. He denied that any-

---

or offered for the purpose of being . . . bet or wagered, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of . . . speed . . . between . . . beasts, . . .
"Is punishable by imprisonment . . ."

one gave him money to place on a horse race and explained his telephoning by saying that he was calling his wife; he was not sure of her number and for that reason reached into his wallet each time to find her number. He did not explain his looking at the scratch sheet during each conversation. Defendant's brother testified he was the person who conversed with defendant about Gold Jig; he denied he had given his brother any money.

The evidence of defendant and his brother merely created a conflict and since the trial court accepted the officer's testimony and rejected conflicting evidence we cannot interfere.

Defendant relies on *People* v. *Banks,* 39 Cal.App.2d 164 [102 P.2d 818]. We pointed out in *People* v. *Hoffman, supra,* that the Banks case is inapplicable since the reviewing court weighed conflicting evidence and decided in accordance with the testimony of witnesses who were not believed by the trial court and accepted as true and controlling the evidence which the court had rejected. The Banks case was expressly disapproved by the Supreme Court in *People* v. *Woods, supra,* page 509.

### ALLEGED CRUEL AND UNUSUAL PUNISHMENT

The court sentenced defendant to the state prison for the term prescribed by law, suspended the sentence and placed him on probation for three years. The conditions of probation are that he serve three months in the county jail, pay a fine of $250 at the rate of $25 a month, refrain from using intoxicating liquors, remain away from places where such liquors are the principal article of sale, and refrain from bookmaking activities.

Defendant contends that the punishment meted out to him is cruel, unusual and excessive, in violation of the Eighth Amendment to the Constitution of the United States and section 6 of article I of the Constitution of California.

"Like Niobe, all tears," defendant deplores what he deems the "harsh attitude" of the trial court and avers he is entitled to "fair play" which, by his announced standard, is absent from the court's judgment. He asserts the judgment is unreasonable and is in excess of that which has been imposed upon other violators of the same section of the Penal Code. In view of defendant's record a comparison of his sentence with those imposed upon other bookmakers would be futile, if it were necessary, which it is not.

Defendant laments that the terms of the sentence and pro-

bation impede the progress of a young man who is just trying to get along. The record shows he has already progressed too far along the path that eventually leads to serious trouble. This is not his first encounter with the law. In pronouncing judgment the court read from the probation officer's report that defendant had previously been found guilty of purse snatching, had served a term in Preston Reformatory, had been found guilty of grand theft and violation of section 503 of the Vehicle Code (driving a vehicle not his own without the consent of the owner) and of a violation of the Narcotics Act. In view of this record there is no ground for defendant's contention that the punishment imposed upon him is cruel, unusual or excessive.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.