[Crim. No. 4763.   Second Dist., Div. Three.   May 27, 1952.]

THE PEOPLE, Respondent, v. LEW MARKS et al., Defendants; PATRICK JOHN BASTONE, Appellant.

Matthews & Bowler and Robert P. Dockeray for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant Bastone was convicted by the court without a jury of a violation of subdivision 4 of section 337a of the Penal Code, registering bets on the results of horse races or purported horse races. He was sentenced to the county jail, the sentence suspended, and he was granted probation. He appeals from the order denying his motion for a new trial. The only error assigned is that the evidence is insufficient to sustain the judgment.

On June 13, 1951, two police officers were admitted to a residence in Los Angeles by one Marks. A few minutes later defendant approached the front door; he was met by Mrs. Marks who had a conversation with him. Defendant then turned to leave the house. As he did so he was overtaken by one of the officers who identified himself. The two officers took defendant to his automobile which was parked across the street. A racing form for that day was found in the back seat of the car. Defendant was taken into the Marks' house and there required to remove the contents of his pockets. He removed 16 small pieces of paper.

The pieces of paper were betting markers and owe sheets and were all in defendant's handwriting. Each piece of paper bore initials which indicated the name of a better, numerals indicating the date, the number of a horse race, the number of a horse, the amount bet on the horse, and the amount the horse paid to win, place, or show. Some of the pieces of paper also bore numerals showing the amount won or lost by betters.

When defendant removed the pieces of paper from his pocket an officer asked him what they were. He said they were his selections of horses. When asked what the initials were he said they indicated a type of system he used. He was asked to explain the system. He said he could if he had a racing form. He was given a racing form and said, ''Well, I can see that you guys aren't going to believe me, so I am not going to say any more.''

An expert testified that a person in possession of owe sheets is known as an agent of a bookmaker: he takes bets and collects from and pays betters.

Defendant did not testify or offer any evidence in his behalf except such as may have been developed on cross-examination of the People's witnesses.

Defendant was charged with registering a bet and bets on the results or purported results of horse races or purported horse races. It was not necessary that the prose-

cution prove that a horse race had actually been run. ■ The fact that defendant had possession of 16 betting markers and owe sheets in his handwriting which indicated the reception of bets on horse races, the amounts won or lost on the races, and the amounts owed various betters, and further his refusal to explain his system, together with his failure to testify, were sufficient to warrant the court in concluding that defendant had registered the bets shown on the markers and owe sheets.

■ The prosecution is not bound by the statement of defendant to the officers that the pieces of paper were his system for selecting horses, as he argues. It taxes one's credulity to believe that owe sheets could be part of a system to pick winners. ■ It is only when there is no proof to the contrary on the subject that the prosecution is bound by a statement of an accused which it introduces in evidence. (See *People* v. *Coppla*, 100 Cal.App.2d 766, 769 [224 P.2d 828].) There was not only proof to the contrary here but defendant by his refusal to explain his system in effect admitted that he had no system.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied June 9, 1952.