[Crim. No. 2561. Third Dist. Mar. 24, 1955.]

THE PEOPLE, Respondent, v. PATRICK TIERNEY, Appellant.

Reynolds Gualco, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and F. G. Girard, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Appellant herein was charged by information with the crime of robbery and after a trial to a jury was convicted. He appeals from the judgment of conviction and the order denying his motion for new trial.

The facts are these: On the night of December 9, 1953, at about 8:30 p. m. two men entered the 26 Club located at 2530 Broadway in Sacramento. One of these men walked up to the bar and called the bartender to him. He then placed a gun against the body of the bartender, told him that the place was being held up and forced the bartender to empty the proceeds of the cash register into a paper bag. The bartender was then forced to accompany the robber to the kitchen of the establishment, where a search for a safe was made. In the meantime the second man informed the customers in the bar that the place was being held up and at gunpoint forced them into a corner of the barroom. When the search for the safe in the kitchen proved unavailing, the two robbers forced bartender and patrons to lie on their faces behind the bar, while the robbers departed. The entire robbery was accomplished in from three to five minutes. The bartender and three of the patrons who had been in the barroom during the holdup positively identified the appellant as the man who had held his gun on the bartender and forced him to put the proceeds from the cash register into the paper bag. Appellant's defense was alibi. He testified, as did also the manager of the apartment house where he had resided, and the manager's husband, that at the time of the holdup he was in the apartment house having dinner with the two others.

The only contention made is that the evidence is insufficient to sustain the jury's verdict and in support of this claim appellant urges that the prosecution witnesses could not be absolutely certain in their identification of appellant as the perpetrator of the crime because of the dimly lighted interior of the barroom during the time the holdup was in progress. The contention cannot be sustained. The argument is one which was no doubt properly addressed to the jury, but it is un-

availing on appeal since here we must assume that the jury fully considered the quality of the identifications made in view of the circumstances under which the robbery was conducted, and we cannot say from the record that the jury were wrong in the conclusion that it was the appellant who committed the robbery.

The judgment and the order are affirmed.

Peek, J., and Schottky, J., concurred.