[Crim. No. 5971.   Second Dist., Div. One.   Dec. 30, 1957.]

THE PEOPLE, Respondent, v. LEONARD STANLEY MACKIE, Appellant.

Karl K. Ranson for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

DRAPEAU, J.*—Defendant in this case was convicted of two counts of bookmaking. He waived a jury, submitted his case on the reporter's transcript of the proceedings on his preliminary examination, and did not testify in his own behalf, or present any other evidence in his defense.

Defendant appeals from a judgment ordering him confined in the county jail for three months on each count, suspending the jail term, and giving him probation, with a $75 fine on each count.

Defendant bases his appeal upon his assertion that there is no substantial evidence supporting his conviction; also that a police officer who talked with him testified to certain exculpatory statements he made, and that the People are bound by this testimony.

The arresting officer testified he saw a Mr. Herrera give two one-dollar bills to defendant; that defendant was tending bar in the Blue Chip Café; that Mr. Herrera said to defendant, "Give me two to place on Scrappy Darlin in the eighth, at Golden Gate;" that defendant said "O.K.," and went to a telephone booth.

The officer arrested defendant when he came out of the booth. After defendant was taken outside the bar, he attempted to choke one of the officers. Another man came out of the bar and hit an officer over the head with a beer bottle. Defendant got away and went back into the bar. The officers called for reinforcements and again went into the bar and again arrested defendant. They found on his person an "owe sheet," and nearby, discarded in a wastebasket, other bookmaking papers.

To merely state it, is to demonstrate that the evidence is sufficient to support the judgment. (*People* v. *Oliverio*, 99 Cal.App.2d 743 [222 P.2d 245].)

So far as the exculpatory statements are concerned, the record shows that an officer who interrogated defendant testified that he denied accepting a wager, but that when Mr.

---

*Assigned by Chairman of Judicial Council.

Herrera said in his presence that he took the bet he remained mute, and that he did say he received $2.00 from Herrera, but that he thought Herrera was drunk, and took the money to get rid of him, and "for beer."

Isolated statements of a defendant are not binding upon the prosecution when the evidence of a witness as a whole supports a judgment. (*People* v. *Johnston*, 48 Cal.2d 78, 83 [307 P.2d 921].)

This court finds it hard to understand why an appeal was taken at all in this case. Defendant was treated with lenity; he presented no defense either on this trial or on this appeal. All he says in his brief is that the evidence doesn't sustain the judgment, and that the People are bound by the evidence of exculpatory statements.

Such appeals as this bring discredit upon the bench and bar of this state.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.