[Crim. No. 6096.   Second Dist., Div. Three.   July 30, 1958.]

THE PEOPLE, Respondent, v. LOUIS ZACK et al., Defendants; BURLICE LEON ANDREWS, Appellant.

Burlice Leon Andrews, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—This is an appeal from an order denying a petition for writ of error *coram nobis*.

An information was filed against appellant in 1956, charging him in Count I with a violation of section 32 of the Penal Code on October 3, 1955, in being an accessory to the crime of robbery, and in Count II, with committing a like offense on the following day. It was also alleged, with respect to each count, that appellant had previously been convicted of a felony, to wit, attempted burglary, and had served a term of imprisonment therefore in the Oregon State Prison.

Appellant pleaded guilty as charged in the information and admitted the prior conviction. Probation was denied and he was sentenced to prison for the term prescribed by law, the sentences as to each count to run consecutively. Judgment was rendered February 14, 1956.

April 23, 1957, the instant petition was filed, setting forth various grounds for issuance of the writ. These are: The prior conviction was void and was not available to subject appellant to increased punishment as a subsequent offender; the allegation of a prior conviction as to both counts of the information placed him in double jeopardy for the same offense; in fixing the length of his prison term, the Adult Authority imposed an excessive term of imprisonment. The court below denied the petition, but the record does not disclose the ground or grounds for the ruling.

Upon application of appellant for appointment of counsel, this court appointed an attorney for the purpose of filing a brief, if, upon examination of the record, he found any justification for a brief. The attorney reported to this court that he had examined the record and that, in his opinion, there

was no merit in the appeal and the filing of a brief would be unjustified. Appellant was duly so advised and was given the opportunity to file a brief in his own behalf. No brief has been filed. In accordance with our practice we have made an independent examination of the record. (See *People* v. *Logan,* 137 Cal.App.2d 331 [290 P.2d 11].)

In our opinion the writ was properly denied. ■ In order to present a meritorious application for vacation of a judgment there must be a strong showing of the existence of some fact which was unknown to the appellant at the time of trial and which could not have been ascertained by him in the exercise of reasonable diligence and the fact must be one which, if it had been known, would have prevented the rendition of the judgment. (*People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13], and cases cited.)

■ It was alleged in the petition that appellant was accused of an offense of attempted burglary in the Circuit Court of Coos County, Oregon, in October 1950; that he appeared in court without counsel and did not waive his right to representation by counsel; that he "waived his fundamental right to indictment and indicated a plea of guilty before he was aware, if he ever was, that he had a right to have counsel appointed"; and that these facts establishing the invalidity of the Oregon conviction were unknown to him and to the court when judgment was rendered in the instant case. Aside from any question as to his right to attack the Oregon judgment in this proceeding appellant has made no showing that the facts upon which he relied could not, by an exercise of reasonable diligence, have been discovered by him in time to be presented at his trial in which he admitted the Oregon conviction. The facts alleged in his petition were manifestly insufficient to justify a disturbance of the judgment.

■ With respect to appellant's attack upon his sentence, it is settled that *coram nobis* is not the appropriate remedy to inquire into the asserted imposition of an excessive sentence. (*In re Seeley,* 29 Cal.2d 294, 298 [176 P.2d 24], and cases cited.) Furthermore, it does not appear that appellant's sentence was excessive. ■ The prior conviction could properly be alleged as to both counts of the information (*People* v. *DiMichele,* 149 Cal.App.2d 277, 280 [308 P.2d 365]), and appellant was not, by virtue of the allegation, placed in double jeopardy for the same offense. (*In re Rogers,* 20 Cal.App.2d 397, 402 [66 P.2d 1237]; *People* v. *Dunlop,* 102 Cal.App.2d 314, 316-317 [227 P.2d 281], and cases cited.)

██ At the time of the offenses charged an accessory was punishable by imprisonment in the state prison not exceeding five years or in a county jail not exceeding two years or by fine not exceeding $5,000. (Pen. Code, § 33.) Under the 1957 amendment to Penal Code, section 3024, subdivision (c), the maximum term of imprisonment prescribed by section 33 was not changed but the minimum sentence of a defendant who has previously been convicted of a felony, but who was not armed with a deadly weapon at the time of his commission of the offense, or with a concealed deadly weapon at the time of his arrest, was reduced from five years to two years. The Adult Authority fixed appellant's sentence at two years on each count, or a total of four years, pursuant to the amendment to the statute. Since the sentence could have been for two consecutive terms of five years each, it cannot reasonably be contended that appellant has received an excessive sentence.

The order is affirmed.

Wood (Parker), J., and Patrosso, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.