[Crim. No. 1536.    Fourth Dist.    May 5, 1960.]

THE PEOPLE, Respondent, v. HARRINGTON B. GREY, Appellant.

Harrington B. Grey, in pro. per., Pioda & Leach and E. J.
Leach, Jr., for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Nat A. Agliano, Deputy Attorneys General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment of conviction and order denying a motion for a new trial after conviction by a jury for violation of section 470 of the Penal Code (check forgery). Defendant was charged with and admitted a prior felony conviction of forgery in Maryland in 1950.

The substance of the evidence in support of the conviction in this case is as follows: Calvin Coolidge Sandidge testified that in December 1957 he was employed by a Mr. and Mrs. Pitts as a houseman in their home in Palm Springs. About December 24, 1957, Sandidge, pursuant to defendant's request, stole some of his employers' personalized checks and turned them over to defendant. Defendant then forged the checks in the presence of Sandidge, making them payable to Willie West (a fictitious person) and forging the name of Zachary Pitts as drawer. After giving this testimony, Sandidge changed his testimony and stated that he himself had made the checks and that defendant was merely present in his home at the time Sandidge signed the checks. This latter testimony of Sandidge was immediately impeached by the district attorney when he proved that Sandidge had, in a preliminary hearing and in conversations with a police investigator, made prior inconsistent statements. Defendant was identified by a bank teller employed at the Palm Springs branch of the Bank of America as the person who had approached her teller's window on December 24, 1957, and presented a check payable to ''Willie West'' and ostensibly drawn on the account of Zachary Pitts for $355 for payment. As identification, the defendant produced a police card containing the name ''Willie West,'' and in the presence of the teller he endorsed the check ''Willie West.'' He then received payment of the face amount of the check. Christine Weeks, another teller at the same bank, testified that on December 24, 1957, defendant appeared at her window at the rear of the bank with a check ostensibly drawn by Zachary Pitts payable to the order of ''Willie West'' for $325. He endorsed the check in her presence but she refused to cash it when he told her that he had no identification, having left his wallet in his car. Subsequently, on December 26, 1957, defendant again appeared at the teller's window of Christine Weeks and again presented the check for $325 for payment. At this time he offered a police card with

the name "Willie West" as identification. Miss Weeks questioned the authenticity of the check and left to confer with a bank official regarding it. While she was gone, the defendant became nervous and turned to a Mr. Driskell who was standing in line behind him and said, "Would you tell the lady I will be back in a few minutes? I am double parked on the street." Defendant thereupon ran out a side door of the bank, leaving the check behind. Mr. Zachary Pitts testified that the checks presented to the bank by the defendant appeared to be his personal checks but that the handwriting on the checks was not that of himself or his wife, and that at no time had he given authority to the defendant or Sandidge to write checks in his name.

Defendant testified that he did not make or utter the checks in question; that although he visited the home of Sandidge on the morning of December 24, he left therefrom without even knowing of Sandidge's possession of the checks. Defendant also testified that he was in Los Angeles on December 26, 1957, the day on which the subsequent check for $325 was presented at the bank.

On November 1, 1959, defendant requested this court to appoint an attorney to represent him on this appeal. Notice was sent to defendant's trial counsel informing her of defendant's request for court-appointed counsel to represent him on the appeal and inviting her comment as to any possible reversible error in the record. No such error was indicated by her. This court then made an independent examination of the record and determined that it would not be of value to defendant or helpful to the court to have appellate counsel appointed. (*People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Marsh,* 170 Cal.App.2d 284 [338 P.2d 495].) Defendant was notified that his request for counsel had been denied and was requested to file an opening brief or make such other showing as he might desire. Defendant subsequently sent several communications to this court in which he urged several errors as grounds for reversal of his conviction. Subsequently, defendant employed private counsel to appear and argue his case before this court.

■ The first error which appellant contends is grounds for reversal of his conviction is that the evidence is not sufficient to sustain the verdict of the jury in that defendant's innocence is established by the purported confession of Sandidge. There is ample testimony to sustain the conviction aside from Sandidge's testimony. The testimony of Pitts

established that the check in question is a forgery and the intent to defraud may be inferred from the fact that a forged instrument was presented for payment. (*People* v. *Brown,* 137 Cal.App.2d 138 [289 P.2d 880].) ▇ Furthermore, the unexplained possession of an instrument recently forged, by one claiming under it, is evidence against the possessor. (*People* v. *Smith,* 103 Cal. 563 [37 P. 516]; *People* v. *Ruiz,* 103 Cal.App.2d 146 [229 P.2d 73]; *People* v. *Pounds,* 168 Cal.App.2d 756 [336 P.2d 219].) ▇ Furthermore, the jury was entitled to determine which part of Sandidge's contradictory testimony was true and which was false. The prosecution was not bound by Sandidge's purported judicial confession of the offense charged against defendant. (*People* v. *Gibson,* 154 Cal.App.2d 67, 72 [315 P.2d 442]; *People* v. *Marks,* 111 Cal.App.2d 357, 359 [244 P.2d 771]; *People* v. *Mackie,* 156 Cal.App.2d 465, 467 [319 P.2d 382].) If the testimony of a witness is contradictory, the jury must sift the true facts from the false. (*People* v. *Ashley,* 42 Cal.2d 246, 266 [267 P.2d 271].) Patently, the jury did not believe that Sandidge's purported confession was true and this finding must be accepted on appeal. (*People* v. *Di Michele,* 149 Cal.App.2d 277 [308 P.2d 365].)

▇ Defendant also urges as error the fact that the prosecution did not call a handwriting expert to identify the handwriting on the checks. This contention is without merit. There is no rule which requires the prosecution to prove a case of forgery with testimony of handwriting analysis by an expert. As heretofore stated, there was sufficient evidence from other witnesses who testified upon which the jury could base its verdict of guilty. ▇ Neither the prosecution nor the defense is required to produce all witnesses who might have some knowledge of the facts. (*People* v. *McShann,* 177 Cal.App. 2d 195, 198 [2 Cal.Rptr. 71]; *People* v. *Price,* 172 Cal.App. 2d 776 [342 P.2d 437]; *People* v. *McCrasky,* 149 Cal.App.2d 630 [309 P.2d 115].) ▇ At the commencement of the trial, defendant's counsel made a motion, supported by affidavit, for a continuance to obtain the attendance of James Karrigan, then incarcerated in a state prison. The court refused to grant a continuance at that time but instructed the prosecution to assist the defense in attempting to obtain the attendance of Karrigan before the end of the trial. The court indicated that if a brief continuance would be necessary to obtain his presence, a subsequent request for such a continuance might be granted. The record does not indicate that

a later request for a continuance was made. To show the situation as it appeared to the court at the time this request was made, we must refer to preceding events which have a bearing on the matter. Previously, on March 12, 1959, defendant was present in court with his counsel and the trial was set for April 22, 1959, the date on which the trial began and on which the motion for a continuance was made. On March 24, 1959, the defendant was released on bail, but the fact that Karrigan's testimony would be desirable was not communicated by defendant to his attorney until April 20, two days before the trial was to begin. A subpoena for Karrigan was issued but it was not served, probably because the defendant failed to comply with section 2621 of the Penal Code regarding attendance of witnesses incarcerated in state prisons. On April 22, 1959, when the motion for a continuance was made, the jury was present and witnesses for both the prosecution and defense were in court and ready to testify. It appears that Karrigan's testimony, if produced, would have impeached the original testimony of Sandidge; it was therefore cumulative since Sandidge attempted to impeach his own earlier testimony by changing his story on the witness stand.

The rule is well established that a request for a continuance to obtain the presence of a witness is addressed to the sound discretion of the trial court and must be supported by a showing of due diligence to obtain the attendance of the witness. (*People* v. *Lamb*, 133 Cal.App.2d 179 [283 P.2d 727] ; *People* v. *Carroll*, 160 Cal.App.2d 6 [324 P.2d 713].) In *People* v. *Collins*, 195 Cal. 325, 333 [233 P. 97], the Supreme Court said:

''The absence of a witness is no cause for a continuance unless due diligence has been used by the party to procure his attendance at the trial, and due diligence imports that proper legal means must have been resorted to for the purpose of compelling the attendance of the witness.''

Under the facts of this case, the court was well within its discretion in refusing defendant's application for a continuance.

Defendant also urges as error the fact that his prior felony conviction was brought out on his cross-examination and that the prosecution, over objection, improperly introduced evidence concerning another check for $325 which it was claimed the defendant made and attempted to pass without authority on December 24 and 26, 1957. These contentions are similarly without merit. Code of Civil Procedure, section

2051, permits the impeachment of a witness by proof elicited on cross-examination that he has suffered a prior conviction of a felony. ▆ A defendant in a criminal case who voluntarily takes the stand may be impeached under this section the same as any other witness. (*People* v. *Howard,* 166 Cal. App.2d 638 [334 P.2d 105].) The check for $325 presented at the bank but not cashed on December 24 and 26, 1957 was purportedly signed by Zachary Pitts and payable to the order of "Willie West" as was the check actually cashed at the bank on December 24, 1957. ▆ It is established by a long line of authorities that evidence of other offenses may be admitted where they are so similar to and connected with the crime charged as to prove a common plan or scheme, or if the other offenses tend to establish the identity of the person charged with the commission of the crime being tried. (Witkin, California Evidence, 161-162; *People* v. *Lisenba,* 14 Cal. 2d 403, 404 [94 P.2d 569]; *People* v. *Sanchez,* 35 Cal.App.2d 231, 235 [95 P.2d 169].) ▆ The jury was properly instructed as to the weight and effect of such evidence and that it could be considered only for the limited purpose of showing intent, knowledge, or a common scheme.

▆ Defendant makes numerous other contentions of error regarding matters which are not contained in the record on appeal. None of these contentions appear to have any merit and it is well settled that we may not consider contentions not supported in the record on appeal. (*People* v. *Leon,* 152 Cal.App.2d 49 [312 P.2d 736]; *People* v. *Collins,* 117 Cal. App.2d 175 [255 P.2d 59]; *People* v. *Ruiz,* 103 Cal.App.2d 146, *supra.*)

The attorney general has filed a brief, has reviewed all questions attempted to be here raised, and has reached the same conclusions.

Judgment and order denying motion for new trial affirmed.

Coughlin, J., concurred.

A petition for a rehearing was denied May 23, 1960.