[Crim. No. 4046.    First Dist., Div. Two.    May 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ELDON EARL HUGHES, Defendant and Appellant.

John R. Aye for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and John F. Foran, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—The only questions presented by this appeal concern alleged errors in the admission of certain evidence. Appellant was charged by indictment with two counts of incest, in violation of section 285 of the Penal Code. A jury trial resulted in a verdict of guilty on both counts. As no contentions are raised relating to the sufficiency of the evidence, it is not necessary to narrate the facts in detail.

The first contention on appeal is that the trial court erred in admitting People's Exhibits 3 and 4, containing certain statements made by the appellant in the face of an accusation by his daughter, the prosecuting witness. Appellant, relying on *People* v. *Simmons,* 28 Cal.2d 699 [172 P.2d 18], contends that his responses were inadmissible as they were complete

denials of the incestuous conduct charged. There is no merit to this argument. Accusatory statements and the responses thereto are admissible under a well recognized exception to the hearsay rule. ██ As stated in *People* v. *Davis*, 43 Cal. 2d 661 [276 P.2d 801] (at p. 670) : "If the accused person expressly admits the truth of the accusatory statement, both the statement and answer may be admitted. ██ If the accused person expressly denies the accusatory statement, there is no admission. ██ If the accused makes an evasive or equivocal reply which is not directly responsive to the accusatory statement, or remains silent, it has been held that under certain circumstances both the accusatory statement and the response are admissible." Each case must be determined on its own facts (*People* v. *Davis*, 48 Cal.2d 241 [309 P.2d 1]). ██ In the instant case, shortly after his arrest, appellant's daughter, in the presence of the district attorney, made certain accusations. When the district attorney asked her to tell him what happened, appellant interrupted the conversation and said: "Doris, don't tell him anything." Appellant's daughter ignored this admonition and related several incidents of incestuous conduct, including the evidence forming the basis of one of the counts of the indictment. When the appellant was asked what he had to say about this, he said: "I have nothing to say. I don't know what's going on." He repeated this answer to several subsequent questions.

As to the statements complained of in relation to Exhibit 4, there, again, appellant was asked, after he had been confronted by his wife and daughter, if he had anything to say about the daughter's accusation. He again replied "no" and refused to give any explanation. At no time was there an unequivocal denial of the accusations. We think the trial court properly concluded that the appellant's responses were equivocal and that the evidence was admissible on the issue of consciousness of guilt. The record also indicates that the jury was properly instructed on the evidence.

██ Furthermore, even if the admission of the statements was improper, it could not be prejudicial under the circumstances of this case. The substance of the daughter's accusatory statement was again related in her direct testimony, and the substance of her testimony relating to the medical examination was related by the doctor in direct testimony. Even if erroneously admitted, in view of the overwhelming evidence against the appellant, we can see no reversible error within the meaning of article VI, section 4½ of the state

Constitution (*People* v. *Simmons,* 28 Cal.2d 699 [172 P.2d 18]).

██ The second contention on appeal relates to the admission into evidence of a tape recording which was obtained by means of a recording device operated by the county sheriff's office. Appellant was shown in the sheriff's office, where he was met by his wife and daughter. A microphone or pick-up was permanently installed in the wall of this office and on this occasion directly connected to a tape recording machine in the adjoining room. Appellant contends that the mere fact that he was unaware that his conversation was being taped rendered the evidence inadmissible. This is not the case, as the appellant's statements were voluntary and the other persons conversing with the appellant knew what was being said was being recorded and were consciously cooperating with the sheriff. The deception itself does not render the statements inadmissible for it was not of a type reasonably likely to procure an untrue statement (*People* v. *Atchley,* 53 Cal.2d 160 [346 P.2d 764]; cf. *People* v. *Morgan,* 197 Cal.App.2d 90 [16 Cal.Rptr. 838]).

██ Appellant further contends that the district attorney violated section 653i of the Penal Code.[1] There is no merit in this argument, as the statute is clearly inapplicable here.

██ Appellant's final argument is that the contents of the tape were properly part only of the prosecution's case in chief and could not be used for rebuttal. There is no merit in this contention. Appellant took the stand and testified in his own defense and was cross-examined with respect to the taped conversation of March 11. In the course of cross-examination, appellant testified that at that conversation, he told his wife he believed his daughter was lying; that he was not guilty of these charges, and that he had denied any knowledge of any of the circumstances. The tape recording clearly disclosed that the appellant had, in fact, made the statements which on

[1] "'Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic or other device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and such person's attorney, religious advisor, or licensed physician, is guilty of a felony; provided, however, the provisions of this section shall not apply to any employee of a public utility engaged in the business of providing service and facilities for telephone or telegraph communications while engaged in the construction, maintenance, conduct or operation of the service or facilities of such public utility who listens in to such conversation for the limited purpose of testing or servicing such equipment.''

cross-examination he denied having made. As such, it constituted proper rebuttal for impeachment purposes (*People* v. *Atchley, supra; People* v. *Grace,* 166 Cal.App.2d 68 [332 P.2d 811]).

In view of the foregoing, the judgment of conviction and order denying the motion for a new trial are hereby affirmed.[2]

Shoemaker, J., and Agee, J., concurred.

----

[2]The notice of appeal from the order denying the motion for a new trial was filed on June 26, 1961. The notice of appeal from the judgment of conviction was filed September 20, 1961. Since the notice of appeal from the order denying the motion for a new trial was filed before the effective date of the 1961 amendment to sections 1237 and 1466 of the Penal Code, it is necessary on this appeal to separately dispose of the appeal from the order and the appeal from the judgment.