[Crim. No. 3997.   First Dist., Div. Two.   Oct. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. EDDIE FISHER, Defendant and Appellant.

Eddie Fisher, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—This is an appeal in propria persona from a judgment rendered on a jury verdict finding the appellant, Eddie Fisher, guilty of three counts of the sale of narcotics, in violation of section 11501 of the Health and Safety Code.

On this appeal, appellant raises numerous contentions, many of which relate to the credibility of witnesses and the sufficiency of the evidence to sustain the judgment. We have examined the record and conclude that the judgment is supported by substantial evidence and that it is not necessary to discuss all of the contentions in detail. We will, therefore, concern ourselves only with contentions relating to matters of law.

Appellant contends that: (1) he was denied due process of law and deprived of his federal right to indictment by grand jury because he was prosecuted by information; (2) the court was without jurisdiction as he was not rebooked and reexamined after dismissal of the original indictment; (3) certain hearsay evidence and evidence obtained by an illegal wire tap were erroneously admitted; and (4) the absence of the informer-participant at the trial deprived him of due process of law. There is no merit in any of these contentions.

The first contention on appeal is that appellant was denied his constitutional right to be indicted by a grand jury because he was charged by an information. Appellant contends that as a result of this fatal error in the proceedings, his detention is unlawful, and the trial court was without jurisdiction. The state Constitution authorized the prosecution by way of an information instead of indictment (art. I, § 8). It has long been well established that the federal Constitution guarantees the right to grand jury indictments only to proceedings in the federal courts (*Hurtado* v. *State of California,* 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232]), and that the proceeding by information is not a denial of a federal right (*People* v. *Sullivan,* 101 Cal.App.2d 322 [225 P.2d 645]).

Appellant next contends that he was deprived of due process of law because he was not rebooked and reexamined after the dismissal of the original indictment. The matters which form the basis of this argument are not in the record before us. We cannot consider a contention based upon matters

outside the record (*People* v. *Grey,* 180 Cal.App.2d 683 [4 Cal. Rptr. 561]). ▇ Furthermore, no objection was made by the appellant to the filing of the information nor was any motion to set aside the information made nor any contention made that the alleged delay was fatal or prejudicial, and these matters cannot be raised for the first time on appeal (*People* v. *Feeley,* 179 Cal.App.2d 100 [3 Cal.Rptr. 529]).

▇ Appellant next contends that the May 3 conversation between Hawkins and the informer-participant, one Rosas, was inadmissible hearsay. The record reveals that Rosas was searched and sent to the home of appellant to buy narcotics. A transmitter was placed in Rosas' automobile and two police officers followed in another automobile equipped with a receiver. After arriving at the appellant's home, Rosas honked his horn. One Hawkins came out and after ascertaining that Rosas wanted to "score," arrangements were discussed for the appellant to meet Rosas later at Rosas' home. This conversation was overheard by the officers on their receiver. Subsequently, the officers observed the sale of one capsule of heroin to Rosas by the appellant. This sale took place in front of Rosas' house. There is no question that the evidence of conversation between Hawkins and the informer was properly admitted (*People* v. *Bodkin,* 196 Cal.App.2d 412, 425 [16 Cal. Rptr. 506]; *On Lee* v. *United States,* 343 U.S. 747 [72 S.Ct. 967, 96 L.Ed. 1270]). No hearsay question is involved as the officers testified as to what they heard over the receiver of the transmitter (Code Civ. Proc., § 1845).

▇ We turn next to appellant's contention that the record of his telephone conversation with Rosas on May 5 was the result of illegal wire tap. The uncontroverted evidence indicates that the telephone conversation was recorded by an induction coil attached to a tape recorder. A police officer was present when Rosas made the call. The record reveals that on May 5, 1960, Rosas telephoned the appellant at the restaurant where he worked and arranged to buy some heroin. The appellant said he could not leave the restaurant where he worked but would send one Al Loshard out with the narcotics. The officers watched Rosas drive to the restaurant and receive two capsules of heroin from Loshard. Rosas, one of the participants in the conversation, consented to the recording. Under these circumstances, there is no invasion of privacy and no violation of the law (*People* v. *Hughes,* 203 Cal.App.2d 598 [21 Cal.Rptr. 668]; *People* v. *Morgan,* 197 Cal.App.2d 90 [16 Cal.Rptr. 838]; *People* v. *McShann,* 177 Cal.App.2d 195

[2 Cal.Rptr. 71]; *People* v. *Atchley*, 53 Cal.2d 160 [346 P.2d 764]).

Finally, appellant argues that the absence of Rosas at the trial deprived him of due process and that the trial court erroneously admitted the record of Rosas' testimony at the preliminary examination. ▮ As we recently pointed out in *People* v. *McKoy*, 193 Cal.App.2d 104 [13 Cal.Rptr. 809] at p. 108, the right of an accused to be confronted with witnesses is the right to have witnesses who testify do so in the presence of and subject to cross-examination by the defendant. ▮ The prosecution is not required to call any particular witness, nor to put on all the evidence relating to a charge so long as all material evidence bearing thereon is fairly presented in such a manner as to accord to the defendant a fair trial.

▮ As to Rosas' testimony at the preliminary examination where the appellant had an opportunity to cross-examine, such testimony may be read at the trial upon a satisfactory showing that he could not be with due diligence found within the state (*People* v. *Hanz*, 190 Cal.App.2d 793 [12 Cal.Rptr. 282]). The record reveals that a subpoena was issued for Rosas, that the officers twice checked at the home of Rosas' parents, at the public utilities office where he worked, at the post office, and at another address obtained from the bureau of criminal investigation. The trial court ruled that under these circumstances, there had been due diligence pursuant to section 686 of the Penal Code and permitted the reading of the testimony. ▮ What constitutes due diligence to secure the presence of a witness is largely within the discretion of the trial court and depends upon the facts of each particular case. ▮ The decision of a trial judge on the question of diligence and of the propriety of receiving or refusing evidence will not be disturbed on appeal unless it appears there was an abuse of discretion. (*People* v. *Cavazos*, 25 Cal.2d 198 [153 P.2d 177]). We can find no abuse of discretion here (cf. *People* v. *Gardner*, 192 Cal.App.2d 357 [13 Cal.Rptr. 477]).

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied October 15, 1962, and appellant's petition for a hearing by the Supreme Court was denied November 28, 1962.