Filed 1/2/26  P. v. Tuggle CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT ANTHONY TUGGLE,<br><br>    Defendant and Appellant. | F089107<br><br>(Super. Ct. No. CRM025784)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Jennifer O. Trimble, Judge.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, and Jesica Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., DeSantos, J. and Guerra, J.[†]

[†]     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# INTRODUCTION

Defendant Robert Anthony Tuggle contends on this appeal that the trial court erroneously found he was not entitled to a *Franklin*[1] hearing in his petition for writ of habeas corpus and erred in denying his *Franklin* motion as successive. The People agree with defendant that the court erred when it denied his motion as successive.

We conclude the trial court erred when it denied defendant's motion for a *Franklin* hearing as successive. We reverse the court's order and remand for the court to consider defendant's motion under Penal Code[2] section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).

# PROCEDURAL SUMMARY

In 2014, defendant accepted a plea agreement and pled no contest to assault with a semiautomatic firearm (§ 245, subd. (b); count 3), admitting he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)). All other charges and enhancements were dismissed. The trial court imposed a total term of 17 years in state prison, per the agreement, consisting of a nine-year term for the assault conviction, a three-year term for the great bodily injury enhancement, and a five-year term for the gang enhancement.

In 2017, the trial court held a hearing in response to a letter from the Department of Corrections and Rehabilitation seeking clarification of defendant's sentence. The court found that defendant's 17-year sentence from the plea agreement was obtained in an illegal manner by imposing the wrong gang enhancement. The court agreed that it had imposed the wrong gang enhancement. The court resentenced defendant by amending count 3 to assault with a deadly weapon under section 245, subdivision (a)(1) and imposed the 17-year term as four years for the assault conviction, three years for the great

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261.

[2] Hereinafter, undesignated statutory references are to the Penal Code.

bodily injury enhancement and 10 years for the gang enhancement under section 186.22, subdivision (b)(1)(C).

In 2018, defendant filed a petition for writ of habeas corpus in the trial court requesting a *Franklin* hearing. Defendant alleged he was 14 years old at the time he committed the offense and that because he was sentenced in 2014, he did not have the opportunity to make a record preserving evidence for his youth offender parole hearing. The court denied the petition on the grounds that defendant was not eligible for a youth offender parole hearing since he would serve 14½ years of his 17-year sentence and be released before the 15-year minimum.

In 2024, defendant filed a motion requesting a *Franklin* hearing under section 1203.01 and *Cook*. The trial court denied the motion, stating, "[defendant] filed this [m]otion for a *Franklin* hearing seeking the same relief as was sought in December … 2018. The [m]otion is DENIED as successive."

Defendant filed a notice of appeal.

## DISCUSSION

Defendant contends the trial court erred in finding him ineligible for a youth offender parole hearing and that the court erroneously denied his motion for a *Franklin* hearing under section 1203.01 as successive. Defendant argues there is no express bar to successive motions or requests for a *Franklin* hearing under section 1203.01. The People concede that defendant's section 1203.01 motion should not have been denied as successive. We agree.

### A. Applicable Law and Standard of Review

The trial court's order denying a defendant's *Franklin* motion is reviewed under the abuse of discretion standard. (See *Cook*, *supra*, 7 Cal.5th at p. 459; *People v. Benzler* (2021) 72 Cal.App.5th 743, 749.) In deciding whether the court abused its discretion we " 'ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts

3.

was neither arbitrary nor capricious.  [Citation.]  Critical to the resolution of this case, we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion.' " (*Benzler*, at p. 749, quoting *People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746.)

Effective January 1, 2014, Senate Bill No. 260 (2013–2014 Reg. Sess.) enacted sections 3051, 3046, subdivision (c), and 4801, subdivision (c) to provide a parole eligibility mechanism for youthful offenders.  (*People v. Perez* (2016) 3 Cal.App.5th 612, 618.)  Defendants who were 25 years old or younger at the time they committed the offense and were convicted of a determinate term are entitled to a youth offender parole hearing during their 15th year of incarceration.  (§ 3051, subd. (b)(1).)  "The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 15th year of incarceration."  (§ 3051, subd. (b)(1).) The parole board was to "give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity," when assessing a prisoner's suitability for parole.  (§ 4801, subd. (c).)

The *Franklin* court held that a defendant seeking to preserve evidence following a final judgment should be given an opportunity to make a record of information relevant to his youth offender parole hearing.  (*People v. Franklin*, *supra*, 63 Cal.4th at pp. 283– 284.)  *Franklin* authorized trial courts to receive any documents, evaluations or testimony that may be relevant at an eventual youth offender parole hearing.  (*Id*. at p. 284.)  For defendants whose judgments were final, *Cook* explained the proper procedure to obtain a *Franklin* hearing was "to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01" and the *Cook* decision.  (*Cook*, *supra*, 7 Cal.5th at p. 458.)  The motion should establish the defendant's eligibility for "a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred."  (*Ibid*.)

4.

**B. Analysis**

The trial court erred when it denied defendant's motion under section 1203.01 as successive to his habeas petition. Nothing in section 1203.01 authorizes a court to bar a defendant from filing a *Franklin* motion if such request was previously denied in a habeas petition. Neither does the court's order denying the motion as successive include any legal authority in support of its conclusion.

*Cook* established the proper procedure for seeking a *Franklin* hearing. (*Cook*, *supra*, 7 Cal.5th at p. 458.) First, it determined that the procedural requirements and hurdles in a habeas petition are unnecessarily cumbersome for defendants seeking to preserve evidence. However, a motion filed under section 1203.01 was determined to be an adequate and superior remedy to the habeas petition because it does not impose these "rigorous pleading and proof requirements." (*Cook*, at pp. 457–458.) Rather than deciding whether the writ of habeas corpus is expansive enough to afford a defendant relief when seeking a *Franklin* hearing, the court ruled that a habeas petition was inappropriate in the first instance since the defendant had "a plain, speedy, and adequate remedy at law that makes resort to habeas corpus unnecessary" in the first instance. (*Cook*, at p. 452.)

Although defendant originally sought a *Franklin* hearing by filing a petition for writ of habeas corpus, as *Cook* explained, habeas corpus was not the proper procedure in the first instance. (*Cook*, *supra*, 7 Cal.5th at pp. 457–458.) Accordingly, the court's order denying the habeas petition did not bar the court from ruling on defendant's subsequent *Franklin* motion, which was properly raised under section 1203.01 and *Cook*. As such, the trial court erred when it denied defendant's *Franklin* motion on the sole basis he had already sought a *Frankling* hearing by filing a habeas petition. Therefore, the court abused its discretion when it denied defendant's *Franklin* motion as successive. (See *People v. Superior Court* (*Humberto S.*), *supra*, 43 Cal.4th at p. 746 [decisions resting on errors of law are an abuse of discretion].)

5.

We decline to decide defendant's argument that the trial court erred when it concluded in his habeas petition he was ineligible for youth offender parole. We may only review on direct appeal "(1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) The present appeal is to the court's order denying defendant's *Franklin* motion under section 1203.01 as successive, which is an appealable order. (See *People v. Sands* (2021) 70 Cal.App.5th 193, 200 [order denying a *Franklin* hearing is appealable under section 1237, subd. (b)].) In denying defendant's motion as successive, the court made no determination as to whether defendant was eligible for a youth offender parole hearing. Defendant's argument regarding his eligibility for a youth offender parole hearing, however, is a challenge to the court's order denying his habeas petition and not the motion before us. We cannot consider this issue here since it is a matter that does not arise from this appeal. (See *Kinney v. Overton* (2007) 153 Cal.App.4th 482, 485; *People v. Fisher* (1962) 208 Cal.App.2d 78, 80–81.)

## DISPOSITION

We reverse the trial court's order denying defendant's *Franklin* motion and remand the matter for further proceedings under section 1203.01 and *Cook*, *supra*, 7 Cal.5th 439.